UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Nicholas Jones, *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> Villa Restaurant Group LLC, <br><br> Defendant. | Civil Action No.: _____ <br><br><br> **CLASS ACTION COMPLAINT** |

For this Class Action Complaint, the Plaintiff, Nicholas Jones, by undersigned counsel, on behalf of himself and a class of similarly situated persons, alleges as follows:

## INTRODUCTION

1. Plaintiff, Nicholas Jones ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Defendant Villa Restaurant Group LLC ("Defendant" or "VRG").

2. Defendant placed repeated telemarketing text messages to Plaintiff's cellular telephone – over Plaintiff's request for VRG to 'Stop' – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), thereby invading Plaintiff's privacy.

3. VRG is a large restaurant group that oversees over 20 separate "proprietary and partner [restaurant] brands" across 22 states, including more than 60 Villa Italian Kitchen-branded restaurant locations across the United States.[1]

4. In an effort to promote and advertise its restaurants, VRG operates an aggressive telemarketing campaign where it repeatedly sends text messages to telephone numbers that have been placed on the National Do-Not-Call Registry and over the messaged party's objections.

---

[1] *See* https://www.villarestaurantgroup.com/our-brands (last visited Feb. 3, 2022); https://www.villaitaliankitchen.com/ (last visited Feb. 3, 2022).

5. Indeed, Plaintiff's cellular telephone has been listed on the National Do-Not-Call Registry since 2018 yet VRG has nonetheless placed repeated telemarketing text messages to Plaintiff advertising various promotions at Villa Italian Kitchen-branded restaurants (e.g., "get $2 off any purchase of $10 or more at participating Villa Locations" and "Buy any Whole Pie & Get 2nd Pie for 50% Off at select Villa Locations").

6. Moreover, when Plaintiff messaged VRG to "Stop" sending him text messages, VRG ignored the request and continued to inundate him with telemarketing messages.

7. Accordingly, Plaintiff seeks represent a class of similarly situated persons who have also received unwanted telemarketing text messages from VRG, and to certify the following class:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and/or promoting Defendant's services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the messaged person previously advised Defendant to "STOP" messaging them.

## JURISDICTION

8. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200(c)(2).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and personal jurisdiction exists over NRG in this District because VRG is a New Jersey business with a principal place of business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

10. Plaintiff, Nicholas Jones ("Plaintiff"), is an adult individual residing in Austin, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant Villa Restaurant Group LLC ("VRG"), is a New Jersey business entity with an address of 25 Washington Street, Morristown, NJ 07960, and is a "person" as defined by 47 U.S.C. § 153(39).

## THE NATIONAL DO-NOT-CALL REGISTRY

12. The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Do-Not-Call Registry and provides a private right of action against any entity that initiated more than one such telephone solicitation within any 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

15. Telephone solicitations under 47 C.F.R. § 64.1200(c)(2) include text messages. *See Gulden v. Liberty Home Guard LLC*, 2021 WL 689912, at *4–5 (D. Ariz. Feb. 23, 2021).

## FACTUAL ALLEGATIONS

16. Plaintiff's cellular number, 512-XXX-5316, has been registered with the National Do-Not-Call Registry since January 30, 2018.

17. Plaintiff uses his cellular telephone as his residential telephone number.

3

18. Within the last year, Defendant initiated repeated telephone solicitations to Plaintiff's cellular telephone by sending repeated text messages marketing, advertising and promoting Defendant's business and services. Representative text messages are reproduced below:




19. As can be seen in the above text messages, on December 1, 2021, Plaintiff messaged Defendant to "STOP" contacting him. Despite Plaintiff's unequivocal instructions that Defendant stop placing telemarketing text messages to Plaintiff, Defendant continued to place repeated telemarketing text messages to Plaintiff's cellular telephone thereafter, including on December 7, 2021, December 15, 2021 and December 21, 2021.

20. None of Defendant's messages to Plaintiff's cellular were for an emergency purpose.

21. Plaintiff was damaged by Defendant's text messages. In addition to using Plaintiff's cellular data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted text messages, forcing Plaintiff to divert attention away from Plaintiff's work and other activities.

## CLASS ACTION ALLEGATIONS

A. **The Class**

22. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

23. Plaintiff represents, and is a member of the following class (the "Class"):

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and/or promoting Defendant's services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the messaged person previously advised Defendant to "STOP" messaging them.

24. Defendant and its employees or agents are excluded from the Class. Plaintiff does

not know the number of members in the Class but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

**B. Numerosity**

25. Upon information and belief, Defendant placed telemarketing messages to telephone numbers registered on the National Do Not Call List belonging to thousands of persons throughout the United States where it lacked prior express written consent to place such message and/or such persons had previously asked Defendant to cease sending them messages. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

26. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**C. Common Questions of Law and Fact**

27. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant's messages to members of the Class were placed for telemarketing purposes;

   b. Whether Defendant can meet its burden of showing it obtained prior express written consent to place each telemarketing message;

   c. Whether the messages placed to Plaintiff and Class Members violate the Do Not Call Registry rules and regulations;

   d. Whether Defendant's conduct was knowing and/or willful;

   e. Whether Defendant is liable for damages, and the amount of such damages; and

   f. Whether Defendant should be enjoined from such conduct in the future.

28. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely placed telemarketing text messages to cellular telephone numbers registered on the National Do-Not-Call Registry, and over requests to stop the messages, is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

29. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. Protecting the Interests of the Class Members

30. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices, and specifically claims under the TCPA. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

### F. Proceeding Via Class Action is Superior and Advisable

31. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

## COUNT I
## VIOLATIONS OF THE TCPA
### (47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(c)(2))

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Plaintiff brings this claim on behalf of himself and the Class.

34. 47 C.F.R. § 64.1200(c)(2) provides that "No person or entity shall initiate any telephone solicitation to . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

35. The TCPA provides a private right of action to "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations . . . ." 47 U.S.C. § 227(c)(5).

36. Defendant initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class member's telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

37. Each of the aforementioned messages by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(c)(2) by Defendant.

38. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

39. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

40. Further, Plaintiff and the Class are entitled to and seek a declaration from Defendant that:

- Defendant violated the TCPA; and

- Defendant initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class member's telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

**COUNT II**
**Willful Violations of the Telephone Consumer Protection Act,**
**(47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(c)(2))**

41. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

42. Plaintiff brings this claim on behalf of himself and the Class.

43. Defendant knowingly and/or willfully Defendant initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class member's telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

44. Each of the aforementioned messages by Defendant constitutes a knowing and willful violation of the TCPA.

45. Plaintiff and the Class are entitled to an award of up to $1,500.00 in statutory damages for each message sent in knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C).

46. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief

prohibiting such conduct by Defendant in the future.

47.   Further, Plaintiff and the Class are entitled to and seek a declaration from Defendant that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class member's telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

- It is Defendant's practice and history to place telemarketing messages to persons on the National Do-Not-Call Registry without their prior express consent.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

A. Injunctive relief prohibiting such violation of the TCPA by Defendant in the future pursuant to 47 U.S.C. § 227(c)(5)(A);;

B. Statutory damages of $500.00 for each and every message placed in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B);

C. Treble damages of up to $1,500.00 for each and every message placed in violation of the TCPA pursuant to pursuant to 47 U.S.C. § 227(c)(5)(C);

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 4, 2022

          Respectfully submitted,

          By */s/ Sofia Balile*
          Sofia Balile, Esq.
          LEMBERG LAW, L.L.C.
          43 Danbury Road, 3rd Floor
          Wilton, CT 06897
          Telephone: (203) 653-2250
          Facsimile:  (203) 653-3424
          E-mail: sbalile@lemberglaw.com
          Attorneys for Plaintiff